UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TYRONE PRESCOTT,

                              Petitioner,

                                                    **DECISION AND ORDER**

       -vs-                                         **11-CV-6038L**


SUPERINTENDENT P. HEATH,


                              Respondent.
_____


## I.      Background

       On January 24, 2011, the District Court for the Southern District of New York transferred

to this Court petitioner Tyrone Prescott's timely-filed habeas corpus petition. (Dkt #3).  Because

Prescott had not completed the section of the form which asks him to state the grounds on which

he is filing his habeas petition, he was asked to file an amended petition in this Court specifically

setting forth every ground for relief and the facts in support of each ground on which he bases his

petition for writ of habeas corpus. However, Petitioner had submitted an attachment stating that

the verdict was against the weight of the evidence. In any event, Prescott complied with the order

and  filed an amended petition on April 25, 2011, alleging one ground for relief–that the

Appellate Division's finding that the verdict was not against the weight of the evidence was an

unreasonable determination of the facts in light of the evidence presented.

       Respondent answered the petition, asserting the defense of untimeliness. Respondent also

argued that the weight-of-the-evidence claim is not cognizable on federal habeas review. With

regard to the timeliness of the petition,  Respondent calculates that Prescott's conviction became

final on March 28, 2010, and therefore the one-year statute of limitations expired on March 11,

2010. The Court does not disagree with Respondent's calculation of the statute of limitations

period. However, the Court disagrees with Respondent's assertions concerning when the petition

was filed.

Respondent asserts that Prescott's petition is untimely because it was filed–according to

Respondent–on May 2, 2011. This is incorrect. First, Prescott filed his petition–albeit in the

incorrect district–on December 1, 2010. Respondent does not explain why this filing should not

be utilized for determining the timeliness issue, especially when the original petition and

amended petition contain the same ground for relief. Furthermore, Respondent is incorrect in his

determination of when the amended petition was "filed" for purposes of this habeas proceeding.

The date of filing for *pro se* habeas petitioners is determined using the "prison mailbox" rule,

which is premised on the fact that a *pro se* prisoner's mail must go through the conduit of prison

authorities whom he cannot control and whose interests might be adverse to his. *See Houston v.*

*Lack,* 487 U.S. 266, 271, 276 (1988) (holding that a *pro se* habeas petitioner's notice of appeal is

deemed filed on the date of its submission to prison authorities for mailing, as opposed to the

date of its receipt by the court clerk).

"Where it is unclear when a pro se state prisoner mailed his or her habeas petition, the

court assumes that the petition is filed on the day it is signed and dated." *Porter v. Greiner*, No.

00-6047, 2005 WL 3344828, at *7 (E.D.N.Y. Nov.18, 2005) (citing *Adeline v. Stinson*, 206 F.3d

249, 251 n.1 (2d Cir. 2000) ("[W]e treat the petitioner's petition as having been given to prison

officials for filing, and therefore having been filed, on the date that appears on his petition, July

16, 1997.")).  The Court construes the date Prescott signed the original petition (i.e., December 1, 2010) as the effective filing date. The Petition accordingly is timely.


**II.      The Motion to Stay and Motion to Amend**

On July 20, 2011, Prescott sent a letter to the Court, with a copy to Respondent's counsel, requesting that his petition be stayed and held in abeyance. This has been docketed as Petitioner's Motion to Stay and Motion to Amend. (Dkt #10). Prescott asserts that he recently discovered that the attorney who represented him on appeal had also represented his co-defendant at sentencing. Prescott claims that there exists a conflict of interest because the co-defendant was the prosecution's "star witness" at his trial. Prescott indicates that he filed, on July 11, 2011, an application for a writ of error *coram nobis* in state court alleging that he was denied the effective assistance of appellate counsel.

Prescott also asserts that he has discovered evidence that his co-defendant "made a deal to testify not only in our case but in another case for a lesser sentence." Thus, Prescott appears to be claiming that there exists newly discovered impeachment evidence concerning a key witness at his trial. *See Napue v. Illinois*, 360 U.S. 264, 269, (1959)).  Prescott indicates that he is in the process of filing a C.P.L. § 440.10 motion to vacate the judgment in order to exhaust this due process claim.

Prescott has properly served copies of the above-referenced state-court motions on Respondent's counsel. Prescott states that he will notify this Court "of the pendency and out come" of his state-court proceedings "on a monthly basis."

Respondent has not submitted any papers in opposition to Prescott's request for a stay and to amend the petition.

After due consideration, the Court shall exercise its discretion to grant Prescott's request for a stay and to amend the petition.   Significantly, the Court finds no indication that Prescott has "engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269,  278 (2005). It appears that Prescott has been prompt in pursuing  his efforts to exhaust his claims in state and has promised to keep the Court apprised regarding the status of the exhaustion proceedings.  Courts have found a petitioner's lack of dilatoriness to be a "'critical component of the stay-and-abeyance analysis . . . .'" *Orta v. Rivera,* No. 05-CV-645S, 2007 WL 3533529, at *4 (W.D.N.Y. Nov. 13, 2007) ((Skretny, D.J.) (quoting *Bryant v. Greiner*, No. 02 Civ. 6121, 2006 WL 1675938, at * 6 (S.D.N.Y., June 15, 2006) (citations omitted)).[1]   The Court cannot conclude at this time that the unexhausted claims are so "plainly meritless" that Prescott should be totally foreclosed from having the state courts consider them before they are presented on federal habeas review.  *See Orta*, 2007 WL 3533529, at *4 ("The 'plainly meritless' standard sets a low bar.") (quoting *Bryant v. Greiner*, No. 02 Civ. 6121, 2006 WL 1675938, at * 5 (S.D.N.Y., June 15, 2006)).

Prescott's request to amend his petition to include the two claims referenced in his July 20, 2011 letter motion (Dkt #10) is granted. Petitioner is directed to submit an amended petition including all three claims for relief (i.e., the weight of the evidence claim; the claim relating to appellate counsel's conflict of interest; and the claim relating to the failure to disclose the

---

[1]     Three concurring justices in *Rhines v. Weber* would have held that this factor alone be the test for obtaining a stay. *Id.* (citing *Rhines*, 544 U.S. at 278) (Souter, J., concurring, joined by Ginsburg, J. and Breyer, J.).

existence of a cooperation agreement). Petitioner will be sent a form habeas petition to use for this purpose. Petitioner *must* include the all of the pertinent facts supporting his claims in the petition, and he may submit legal argument in support of his claims by means of a memorandum of law. This petition will be docketed as the Second Amended Petition. Petitioner must file this document within thirty (30) days of his receipt of the form petition enclosed with this Order.

Prescott's request for a stay also is granted. The stay-and-abeyance is conditioned upon Petitioner returning promptly to this Court after completing exhaustion proceedings. Petitioner likely will receive final orders from the state courts at different times in the two different proceedings. Once Petitioner has received a final decision in both his C.P.L. § 440.10 action and his *coram nobis* action, he must notify this Court within thirty (30) days by filing a motion to lift the stay. At that time, the Court will restore the case to the active docket and direct Respondent to submit an answer with regard to the Second Amended Petition.

## III.    Orders

Accordingly, it is hereby ordered that Prescott's Motion to Stay and Motion to Amend (Dkt #10) is **granted.** The Clerk of Court is directed to send Prescott a form petition which he must complete and return to the Court within thirty (30) days as explained above. This document will be docketed as the Second Amended Petition and will be the operative pleading in this case.

This matter is now held in abeyance pending completion of Prescott's *coram nobis* proceeding and C.P.L. § 440.10 proceeding.

Within thirty (30) days of the date that leave to appeal is denied with regard to his *coram nobis* application or his C.P.L. § 440.10 motion, whichever is *later,* Prescott must file a motion

to lift the stay in this Court. At that time, the Court will restore the case to the active docket and

direct Respondent to submit an answer with regard to the Second Amended Petition.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        August 11, 2011.